**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

KENNETH DAVID MCNELLY,

     Petitioner - Appellant,

v.

SAM CLINE,

     Respondent - Appellee.

No. 17-3246
(D.C. No. 5:17-CV-03141-SAC)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Kenneth McNelly seeks a certificate of appealability ("COA") to appeal the

district court's denial of his 28 U.S.C. § 2254 petition. We deny a COA and dismiss

the appeal.

**I**

McNelly was convicted of eight counts of rape, one count of aggravated

criminal sodomy, and one count of aggravated liberties with a child. After

exhausting state remedies, he filed a habeas petition in district court. Conceding that

his petition was untimely, McNelly argued that he was entitled to equitable tolling

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

due to a miscarriage of justice at trial and actual innocence. The district court rejected McNelly's actual-innocence argument because he failed to provide new evidence that was unavailable at the time of his conviction. See Schlup v. Delo, 513 U.S. 298, 324 (1995) ("Claims of actual innocence . . . require[ ] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."). McNelly then filed several motions to alter or amend the judgment, all of which the district court denied. McNelly now seeks a COA from this court.

## II

A petitioner may not appeal the denial of habeas relief under § 2254 without a COA. § 2253(c)(1). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To satisfy this standard, McNelly must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

To obtain relief under § 2254, a petitioner must show that the state court's adjudication either "resulted in a decision that was based on an unreasonable determination of the facts in the light of the evidence presented" or was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1), (2). Put

differently, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

**III**

On appeal, McNelly argues that the district court erred in its recitation or understanding of the facts and failed to consider an important part of his argument.[1] Specifically, McNelly insists that he is entitled to relief because the statement that motivated his arrest and prosecution was ultimately suppressed. Although McNelly is correct that admission into evidence of a coerced confession can violate the Due Process Clause of the Fourteenth Amendment, Payne v. Arkansas, 356 U.S. 560, 568 (1956), the Supreme Court has also held that "harmless-error analysis applies to coerced confessions," Arizona v. Fulminante, 499 U.S. 279, 295 (1991). The state court concluded that—suppressed statement notwithstanding—other testimony given by an investigator with the Kansas Department of Social Services supplied probable cause to charge McNelly. Viewing the record "in the light most favorable to the prosecution" as we must on habeas review, Turrentine v. Mullin, 390 F.3d 1181, 1197 (10th Cir. 2004) (quotation omitted), we conclude that even without the coerced statement, "the remainder of the evidence against" McNelly sufficed to furnish

---

[1] Because McNelly is pro se, we hold his pleadings to "a less stringent standard than formal pleadings drafted by lawyers" but do not "assume the role of advocate for" him. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

3

probable cause such that "the [use] of the confession was harmless." <u>United States v. McCullah</u>, 76 F.3d 1087, 1101 (10th Cir. 1996) (quotation omitted).

Additionally, McNelly argues that the district court erred in deciding that his failure to file a habeas petition within the one-year time limitation barred his claim. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, . . . or, as in this case, expiration of the statute of limitations." <u>McQuiggin v. Perkins</u>, 569 U.S. 383, 386 (2013). Proving actual innocence "require[s] a petitioner to show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of the new evidence." <u>Frost v. Pryor</u>, 749 F.3d 1212, 1232 (10th Cir. 2014) (quotation, italics, and brackets omitted). McNelly argues that he discovered new evidence that the prosecution's probable cause derived from the ultimately-suppressed statement. However, as we have explained above, the state court did not err in determining that other evidence sufficed to furnish probable cause. McNelly has thus failed to show actual innocence.

**IV**

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge

4